IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.

NINA AGDAL,

    Petitioner,

vs.

JOSHUA WANDER,

    Respondent,

_____/

**PETITIONER NINA AGDAL'S MOTION TO COMPEL
RESPONDENT JOSHUA WANDER'S COMPLIANCE WITH SUBPOENA**

    Pursuant to Rules 37 and 45 of the Federal Rules of Civil Procedure, Petitioner Nina Agdal files this Motion to Compel Respondent Joshua Wander's Compliance with Subpoena, in which she asks the Court to compel Wander to comply with a deposition subpoena issued in connection with an action pending in federal court in New Jersey. Wander is a nonparty to that action who resides in this District. For the reasons set forth herein, the testimony Petitioner seeks from Wander is relevant and discoverable, and Wander has no basis for arguing the subpoena is disproportionate, unduly burdensome, or otherwise inappropriate. The Court therefore should grant this Motion and compel Wander to sit for his deposition within fourteen (14) days of its Order.

**I. INTRODUCTION**

    Petitioner Nina Agdal brings this Motion to enforce Respondent Joshua Wander's compliance with a deposition subpoena lawfully issued in connection with an action pending in the United States District Court for the District of New Jersey. In relevant part, in that action, Petitioner asserts claims against Defendant Dillion Danis for violations of the 2022 Violence

Against Women Act Reauthorization, 15 U.S.C. § 6851, and invasion of privacy, claims that arise from Danis's posting of an explicit photograph of Petitioner on social media without her consent. Wander, a nonparty to that action who lives and works in this District, took that explicit photograph in the course of an encounter with Petitioner approximately ten years ago. Wander not only has personal knowledge of the circumstances in which the photograph was taken, but also of Petitioner's reaction upon learning shortly thereafter of the existence of the photograph and that it had been shared with others. There is no question that Wander's knowledge is relevant and within the broad scope of discovery under the Federal Rules because it bears on, or reasonably could lead to other matters that bear on, issues that are or may be in the New Jersey action—including the damages Petitioner has suffered and Danis's potential defense that she consented to the disclosure of the photograph. As such, the Court should grant the Motion and compel Wander to comply with the subpoena.

## II. BACKGROUND

(a) ***The Underlying Action in the United States District Court for the District of New Jersey***

On September 6, 2023, Petitioner filed an action against Dillon Danis in the United States District Court for the District of New Jersey. *See Agdal v. Danis*, Case No. 23-CV-16873-MCA-MAH (D.N.J.) (the "Underlying Action"). In the Underlying Action, Petitioner seeks to hold Danis accountable for certain conduct he carried out in the course of a months-long campaign of cyber harassment and bullying against her. Petitioner asserts claims against Danis for defamation, false light, and—more relevant to this Motion—violations of the federal revenge porn statute, the 2022 Violence Against Women Act Reauthorization, 15 U.S.C. § 6851 ("VAWA"), and invasion of privacy pursuant to N.J. Stat. § 2A:58D-1. *See* Underlying Action, D.E. 16, Amended

Complaint ("Am Compl."). Petitioner seeks damages arising from the emotional distress, embarrassment, and reputational harm she has suffered as a result of Danis's conduct. *Id.* at ¶ 59.

Petitioner is a successful Danish model. *Id.* at ¶ 6. Petitioner also is the fiancée of nonparty Logan Paul, a prominent social media influencer, wrestler, boxer, and entrepreneur. *Id.* at ¶ 7. Danis is a mixed martial artist and boxer. *Id.* at ¶ 8. In early August 2023, it was publicly announced that Danis and Paul would be fighting each other in a highly publicized boxing match in Manchester, England, in October 2023. *Id.* at ¶ 12. Notwithstanding that he has never met Petitioner, Danis took to social media in the lead up to his fight with Paul and attacked Petitioner by making more than 250 crude and offensive posts about her. *Id.* at ¶¶ 13–16. Those posts have been viewed hundreds of millions of times.

One of Danis's posts, in particular, forms the basis of Petitioner's VAWA and invasion of privacy claims. On August 11, 2023, Danis posted from his X (formerly Twitter) account, without Petitioner's consent, a specific, nonconsensual sexually explicit photograph of her. *Id.* at ¶¶ 28–31. That explicit photograph was taken by Respondent Wander, a nonparty to the Underlying Action, during the course of an encounter with Petitioner approximately ten years ago. *Id.*; *see also* **Exhibit 1**, Excerpt of Petitioner's Interrogatory Answers in Underlying Action. Petitioner maintains that Wander both took *and* shared the photograph without her consent. *Id.* She also maintains that she confronted Wander to express her shock and outrage when she learned of his conduct within weeks of the photograph being taken, at which time Wander apologized and agreed not to share the photograph any further. *Id.*

In order to prevail on her claim under VAWA, Petitioner must show that Danis disclosed the photograph without consent, and that Danis "[knew], or recklessly disregard[ed]" whether the disclosure was nonconsensual. *See* 15 U.S.C. § 6851(b)(1)(A). Petitioner's claim for invasion of

privacy similarly requires a showing that Danis disclosed the photograph without consent, "knowing that he was not licensed or privileged to do so," and "under circumstances in which a reasonable person would not expect to be observed." *See* N.J. Stat § 2A:58D-1; N.J. Stat § 2C:14-9.

Although Petitioner contests the viability of Danis's defenses, Danis has indicated he is considering arguing that his disclosure of the explicit photograph *was* consensual,[1] and several of his discovery requests have targeted information about the circumstances in which the photograph was taken. *E.g.*, Ex. 1. Moreover, Danis argues that even if Petitioner did *not* consent to his disclosure of the photograph, he did not know or recklessly disregard her lack of consent given Petitioner's consent to *other* nude or partially nude modeling photographs that are in the public domain. *See* Underlying Action, D.E. 45, Amended Answer, at Affirmative Defense F-G. For similar reasons, Danis argues Petitioner has not suffered any damages as a result of his conduct. *Id.* at Affirmative Defense J.

(b) ***Wander's Noncompliance with Deposition Subpoena***

Petitioner seeks to take the deposition of Respondent Wander, who has personal knowledge of the circumstances in which the explicit photograph was taken and her reaction upon learning it existed and that it had been shared. Wander, who lives and works in this District, was served with a deposition subpoena on December 1, 2023. *See* **Composite Exhibit 3**, Subpoenas to Wander and Proofs of Service. Regrettably, in order to avoid giving his testimony, Wander has engaged in a pattern of evasiveness, delay, and noncompliance that has resulted in the need for this Court's intervention.

---

[1] *See* **Exhibit 2**, Transcript of February 9, 2024 Status Conference, at 12:5-11.

4

In September 2023, Petitioner's counsel contacted and had a brief telephone conversation with Wander in an attempt to obtain his evidence voluntarily. Wander declined this request and put counsel in touch with his own lawyer, who then refused to coordinate a deposition date. On October 31, 2023, Petitioner's counsel emailed Wander's counsel about Wander's availability for a deposition. *See* **Composite Exhibit 4**, Communications between Petitioner's counsel and Wander's counsel, October–December 2023. Counsel responded several weeks later on November 13, 2023, only to say that "[Wander] is scheduled to travel significantly over the next couple of months and cannot commit to any days for depos." *Id.* She also advised that she was not authorized to accept a subpoena on Wander's behalf. *Id.*

Given Wander's refusal to coordinate an agreeable deposition date, Petitioner and Danis coordinated amongst themselves the tentative date of December 12, 2023, for Wander's deposition. After several unsuccessful attempts to serve Wander with the deposition subpoena, which Petitioner believes Wander purposefully evaded, Wander was effectively served on December 1, 2023. *See* Ex. 3. On December 8, 2023, Wander's counsel advised that he would not be appearing for the deposition because, she said, he was traveling. *See* Ex. 4. Once again, she did not propose any alternative dates for the deposition. *Id.*

On December 11, 2023, Petitioner was contacted by a new attorney for Wander, who reiterated that Wander was traveling and would not be appearing for his deposition the following day. *Id.* Counsel advised that he had just been retained and needed time to become familiar with the matter. *Id.* He also did not propose any alternative dates for Wander's deposition, but instead expressed that a deposition would be disproportionate, unduly burdensome, and inappropriate, and that Wander had "nothing more to say" about the matter. *Id.*

Counsel held a telephonic conferral on December 13, 2023, but were unable to resolve the dispute. Wander proceeded to seek a conference with the Court in the Underlying Action "to

5

discuss this matter, predicate to a potential motion to quash the subpoena." *See* Underlying Action, D.E. 35. On February 9, 2024, the Court held a status conference. At that conference, the Court noted that under the Federal Rules, any attempt to enforce or quash the subpoena must be filed in the Southern District of Florida. *See* Ex. 2, Hr'g Tr. at 4–5. Notably, however, after hearing counsel explain their respective positions, the Court agreed with Petitioner that Wander's testimony could be probative of certain issues in dispute, including Petitioner's damages. *Id.* at 15:12, 10:16-24.

Petitioner attempted to confer with Wander again following the status conference, but that conferral attempt was similarly unsuccessful. Petitioner reissued the deposition subpoena and re-served Wander on February 22, 2024.[2] *See* Ex. 3.

### III.  LEGAL STANDARD

Rule 45 of the Federal Rules of Civil Procedure governs nonparty discovery in federal courts. Federal Rule 45 states, in relevant part, that a subpoena may command a nonparty to attend a deposition "within 100 miles of where the person resides, is employed, or regularly transacts business in person . . . ." Fed. R. Civ. P. 45(a)(2), (c)(1)(A). Although a nonparty subpoena "must issue from the court where the action is pending," Fed. R. Civ. P. 45(a)(2), a motion to compel compliance with the subpoena must be brought in the court where such compliance is required, *see* Fed. R. Civ. P. 37(a)(2) ("A motion for an order to a nonparty must be made in the court where the discovery is or will be taken."), Fed. R. Civ. P. 45(d)(2)-(3). *See also CITGO Petro. Corp. v. Petro. Logistics Serv. USA, Inc.*, 2022 WL 2341226, *6 (S.D. Fla. Apr. 12, 2022) (granting motion to compel deposition *duces tecum* of nonparty pursuant to a subpoena issued from the United States District Court for the Southern District of Texas); *State Farm Mut. Auto. Ins. Co. v. Maistrenko*,

---

[2]  Contemporaneously with the filing of this Motion, Petitioner is providing Wander's counsel with a copy of the Motion.

2019 WL 7790855, *4 (S.D. Fla. Dec. 20, 2019) (recommending that the Court grant motion to compel deposition of nonparty pursuant to a subpoena issued from the United States District Court for the Eastern District of New York), *R&R adopted by* 2020 WL 486271 (S.D. Fla. Jan. 30, 2020).

"It is well settled that the scope of discovery under a subpoena is the same as the scope of discovery under Rule 26(b) and Rule 34." *Anthony v. FDE Mktg. Grp. LLC*, 2021 WL 5937683, *1 (S.D. Fla. Dec. 16, 2021) (internal citation and quotation omitted). Rule 26(b) provides that:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b).

"The Supreme Court has stressed on multiple occasions the need to construe the [Federal] Rules liberally to allow for robust discovery." *Akridge v. Alfa Mut. Ins. Co.*, 1 F4th 1271, 1276 (11th Cir. 2021). As such, "'relevance' is to be broadly construed to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case." *Maistrenko*, 2020 WL 486271, *3 (internal citation and quotation omitted). "[A] Rule 45 subpoena should be enforced unless it is clear that the evidence sought can have no possible bearing on the issues." *Id.* (internal citation and quotation omitted).

### IV. ARGUMENT

The Court should compel Respondent Wander to comply with Petitioner's lawfully issued subpoena and sit for his deposition because he possesses relevant and discoverable information,

and because he has not shown, and cannot show, that his deposition is disproportionate, unduly burdensome, or otherwise inappropriate.

**(a)** *Wander Possesses Relevant and Discoverable Information*

Petitioner asserts several claims against Danis in the Underlying Action that stem from his unauthorized posting of an explicit photograph of Petitioner that was taken by Wander. Wander therefore has first-hand knowledge that nobody else possesses about the circumstances in which the photograph was taken. Petitioner maintains that Wander also has knowledge of how she reacted upon learning of the existence of the photograph shortly after it was taken—when it was shown to her by a third party—at which time she confronted Wander to express her shock and anger and demand that he not share it any further. *See* Ex. 1. Given that Petitioner's consent to disclosing the photograph is at issue in the Underlying Action, as is the harm that Petitioner has suffered as a result of it being shared, there is no question that Petitioner seeks information that is comfortably within the broad scope of discovery under the Federal Rules; Wander's testimony "bears on, or [] reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Maistrenko*, 2020 WL 486271, at *3; *see also CITGO Petro. Corp.*, 2022 WL 2341226, at *5 (compelling nonparty's compliance with subpoena where the scope was "calculated to obtain information relevant to Petitioner's claims"); *Selinger v. Kimera Labs, Inc.*, 2021 WL 6284604, *1 (S.D. Fla. Dec. 6, 2021) (compelling nonparty's compliance with subpoena for deposition *duces tecum*).

Wander does not dispute that he took the photograph at issue. Nevertheless, he has expressed his belief that there is no basis for requiring him to give testimony given that he previously assigned Petitioner the rights to the photograph and given that he does not know Danis and disclaims any knowledge of how the photograph came to be disseminated by him. Wander is

8

wrong. A witness cannot preempt their compliance with a subpoena by making a self-serving assessment of the scope and relevance of what they know. And if Wander truly has no relevant knowledge, then as the Eleventh Circuit Court of Appeals reasoned in a recent opinion, there is "no reason why he cannot make himself available for questioning and say as much in a deposition." *Akridge*, 1 F.4th at 1277 (reversing district court order denying motion to compel deposition, and finding court abused its discretion by "fail[ing] to adhere to the liberal spirit of the [Federal] Rules").

Wander also has expressed his belief that any testimony he could provide would be inadmissible. That is false, but it also is completely irrelevant. Federal Rule 26(b) specifically provides that "[i]nformation within th[e] scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b).

**(b)** *The Subpoena Is Neither Disproportionate nor Unduly Burdensome*

Wander has not shown, and cannot show, good cause to preclude his deposition. *See V5 Tech. v. Switch, Ltd.*, 2019 WL 7489860 (D. Nev. Dec. 20, 2019) ("Even in the context of a nonparty deposition, a 'strong showing' is required before a party will be denied entirely the right to take that deposition."). Although Wander has expressed informally that the subpoena is disproportionate and would impose an undue burden, he has done so only in a conclusory manner and has not identified any specific harm or prejudice that would result from having to provide his testimony. "There is a fundamental responsibility of every person to give testimony." *Klay v. All Defendants*, 425 F.3d 977, 986 (11th Cir. 2005). As courts routinely recognize, the effort that it takes to do so "is not a cognizable burden—let alone an *undue* burden." *In re 3M Combat Arms Earplug Prod. Liab. Litig.*, 2020 WL 6274824, *6 (N.D. Fla. Oct. 26, 2020) (denying nonparty's motion to quash deposition subpoena) (emphasis added); *see also Jakes v. Boudreau*, 2021 WL

7543868, *2 (N.D. Ill. Dec. 2021) ("The standard burdens inherent to every deposition cannot themselves be the kind of *undue* burden that warrants quashing of a deposition subpoena."). This is especially true where, as here—and as Petitioner has already represented during the February 9, 2024 status conference in the Underlying Action—Petitioner has no intention of deposing Wander for an entire day.

## V. **CONCLUSION**

For the foregoing reasons, the Court should grant this Motion and compel Respondent Joshua Wander to sit for deposition with fourteen (14) days of its Order.

Dated:  February 26, 2024

**MARCUS NEIMAN RASHBAUM & PINEIRO LLP**

By:  _/s/ *Jeffrey A. Neiman*_____

Jeffrey A. Neiman, Esq.
Florida Bar. No. 544469
jneiman@mnrlawfirm.com
Jason L. Mays, Esq.
Florida Bar. No. 106495
jmays@mnrlawfirm.com

One Financial Plaza
100 SE 3rd Ave., Suite 805
Ft. Lauderdale, Florida 33394
Tel: 305-400-4260
Fax: 954-688-2492

## CERTIFICATE OF CONFERRAL

The undersigned states that pursuant to Local Rule 7.1(a)(3), the undersigned has conferred with Respondent's counsel in a good faith effort to resolve the dispute set forth herein, but was unable to do so.

                                                                                        _/s/ *Jeffrey A. Neiman*_____

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document has been served on Respondent's counsel by electronic mail.

                                                                                        _/s/ *Jeffrey A. Neiman*_____